## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JOSEPH R. TOMELLERI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-2239-JAR |
| | ) | |
| CAFEPRESS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff filed this copyright action on May 22, 2014, against Defendants CafePress, Inc., David M. Booth d/b/a Fishgod, James A. Ehlers d/b/a MotherThumper, and Admin_CP.[1]  Before the Court is Plaintiff's Motion for Default Judgment (Doc. 32) against Defendant Booth.  As described more fully below, Plaintiff's motion for default judgment is denied without prejudice.

The docket shows that although Defendant Booth was served with the Summons and Complaint on June 6, 2014, he has failed to answer or otherwise respond to the Complaint.[2]  On October 16, 2014, the Court entered a Notice and Order to Show Cause, requiring Plaintiff to either "(1) move for entry of default and file a motion for default judgment as to Defendant David M. Booth, pursuant to Fed. R. Civ. P. 55 and D. Kan. Rule 77.2(a)(6), or (2) show good cause . . . why this case should not be dismissed pursuant to Fed. R. Civ. P. 41(b), as to Defendant David M. Booth, for lack of prosecution."[3]  In response to the show cause order,

---

[1]Doc. 1.

[2]Doc. 6.

[3]Doc. 30.

Plaintiff filed the instant motion for default judgment against Defendant Booth, asking the Court to enter a default judgment and to schedule a hearing to determine damages, injunctive relief, reasonable attorneys' fees, costs, and all other just relief.

The Court finds that Plaintiff's motion must be denied.  Plaintiff has failed to comply with the two-step process contemplated by Fed. R. Civ. P. 55.  Plaintiff must first apply to the clerk for entry of default under subsection (a) which states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[4]  If the clerk enters a default, plaintiff may then file a motion for default judgment under Fed. R. Civ. P. 55(b).[5]  "A plaintiff may not seek default judgment before it has applied for entry of default."[6]  Accordingly, the motion is premature and must be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 32) is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**.

Dated: October 28, 2014

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE

---

[4]*Christenson Media Group, Inc. v. Lang Indus., Inc.,* 782 F. Supp. 2d 1213, 1222 (D. Kan. 2011) (citing Fed. R. Civ. P. 55(a)).

[5]*Id.*

[6]*Id.* at 1223 (citations omitted).