## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| **JOSEPH R. TOMELLERI,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 14-cv-02239-JAR** |
| **CAFEPRESS, INC., et al.,** | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM AND ORDER**</u>

Before the Court is *pro se* Defendant David M. Booth's unopposed Motion to Respond to Civil Action to Prevent Default Judgement (Doc. 37). The Plaintiff Joseph R. Tomelleri had previously made a sufficient showing for the Clerk to enter default against Defendant Booth in the matter under Fed. R. Civ. P. 55(a)—Plaintiff showed that Defendant had been served but had failed to answer or otherwise plead by the deadline. The Clerk entered default on November 6, 2014.[1]

The Court construes Defendant's motion as a motion to respond out of time and to set aside the Clerk's entry of default. Pursuant to Fed. R. Civ. P. 6(b)(1)(B), a court may, for good cause shown, excuse a party's failure to act within the prescribed time "if the party failed to act because of excusable neglect."[2] In determining whether neglect is excusable, the Court considers:

---

[1] Doc. 36.

[2] Fed. R. Civ. P. 6(b)(1)(B).

> 1) the danger of prejudice to the opposing party, 2) the length of delay caused by the neglect and its impact on judicial proceedings, 3) the reason for the delay, and whether it was in the reasonable control of the moving party, and 4) the existence of good faith on the part of the moving party.[3]

Excusable neglect is an "elastic concept not strictly limited to actions and omissions outside of the control of the party seeking to file out of time.[4]  Defendant maintains that his failure to respond on time was due to his lack of understanding of court processes and his assumption that he received a summons by mistake.  Given the unopposed nature of this motion, the Court finds no danger of prejudice to Plaintiff if leave to answer is granted.  The Court further finds that the length of the delay in responding was only one day after the Clerk entered default, and that the delay was the result of Defendant's good-faith, albeit erroneous, belief as to the nature of the summons issued to him.  For these reasons, Defendant has shown excusable neglect and is granted leave to answer out of time.

Under Rule 55(c), the Court may set aside an entry of default for "good cause."[5]  The "good cause" standard for setting aside an entry of default under Rule 55(c) is more liberally applied than the "excusable neglect" standard, and similar considerations apply.[6]  Given the Court's finding that Defendant has shown excusable neglect, the Court further finds that Plaintiff has shown good cause to set aside the Clerk's entry of default.

Defendant has not yet filed an answer in this case.  The Court orders Defendant to file his

---

[3]*Hamilton v. Water Whole Int'l Corp.*, 302 Fed. App'x 789, 798 (10th Cir. 2008) (citing *U.S. v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004)).

[4]*Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 392 (1993).

[5]Fed. R. Civ. P. 55(c).

[6]*Clinical Reference Lab, Inc. v. Salugen Biosciences, Inc.*, No. 12-2768-KHV, 2013 WL 1816352, at *1 (D. Kan. Apr. 29, 2013).

2

answer or otherwise respond to this action under Fed. R. Civ. P. 12 within thirty days of the date of this order.

**IT IS THEREFORE ORDERED** that Defendant David M. Booth's unopposed Motion to Respond to Civil Action to Prevent Default Judgement (Doc. 37) is **granted**.  The Clerk's Entry of Default (Doc. 36) against Defendant is hereby set aside.

**IT IS FURTHER ORDERED** Defendant David M. Booth shall file an answer or otherwise respond to this action under Fed. R. Civ. P. 12 within thirty days of the date of this order.

Dated: January 7, 2015

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE