### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**JOSEPH R. TOMELLERI,**

    **Plaintiff,**

    v.       Case No. 14-2239-JAR-TJJ

**DAVID M. BOOTH,**

    **Defendant.**

### MEMORANDUM AND ORDER

This matter is before the Court on *pro se* Defendant David M. Booth's Motion to Dismiss (Doc. 79) for lack of personal jurisdiction. The Court considers the response previously filed by Plaintiff (Doc. 63) to a similar motion filed by this Defendant. For the reasons explained in detail below, the Court grants Defendant's motion to dismiss for lack of personal jurisdiction and denies Plaintiff's request for transfer.

**I.  Standard**

Plaintiff has the burden of establishing personal jurisdiction over Defendant.[1] In the absence of an evidentiary hearing, as in this case, the plaintiff must make only a prima facie showing of jurisdiction to defeat a motion to dismiss.[2] "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant."[3] Allegations in a complaint are accepted as true if they are plausible, non-conclusory, and non-speculative, to the extent that they are not controverted

---

[1] *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011).

[2] *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1056–57 (10th Cir. 2008); *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

[3] *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc*., 618 F.3d 1153, 1159 (10th Cir. 2010) (citing *TH Agric. & Nutrition, LLC v. Ace European Grp. Ltd.,* 488 F.3d 1282, 1286 (10th Cir. 2007)); *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

by submitted affidavits.[4] At the same time, the Court does not have to accept as true conclusory allegations, nor incompetent evidence. When a defendant has produced evidence to support a challenge to personal jurisdiction, a plaintiff has a duty to come forward with competent proof in support of the jurisdictional allegations of the complaint.[5] The court resolves all factual disputes in favor of the plaintiff.[6] Conflicting affidavits are also resolved in the plaintiff's favor, and "the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party."[7] "In order to defeat a plaintiff's prima facie showing of jurisdiction, a defendant must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'"[8]

Because Defendant Booth proceeds *pro se*, some additional considerations frame the Court's analysis. The Court must construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[9] However, the Court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[10] Additionally, a *pro se* litigant is not excused from complying with the rules of the court and is subject to the consequences of noncompliance.[11]

---

[4] *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989); *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984), *cert. denied*, 471 U.S. 1010 (1985).

[5] *Pytlik*, 887 F.2d at 1376.

[6] *Dudnikov*, 514 F.3d at 1070.

[7] *Behagen*, 744 F.2d at 733.

[8] *OMI Holdings*, 149 F.3d at 1091 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

[9] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[10] *Id.*

[11] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that pro se litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

## II.     Factual Background

Drawing all reasonable inferences in favor of Plaintiff, the following relevant facts are taken from the Complaint and attached exhibits, and the exhibits attached to the parties' briefs. The Court does not consider any general or conclusory allegations unsupported by affidavits or other evidence, and has resolved all factual disputes in Plaintiff's favor.

Plaintiff Joseph Tomelleri, a Kansas resident, is an illustrator of various North American fish species. He has registered copyrights on many fish illustrations, which he makes available for reproduction by purchase and download from his website, www.americanfishes.com. Plaintiff relies on the revenue he generates from the sale of these illustrations to support his family.

Defendant CafePress, Inc., which was previously dismissed from this lawsuit,[12] owns and operates the website www.cafepress.com, where it encourages and facilitates online storefronts to sell customizable novelty items, including, but not limited to, clothing, coffee mugs, and art. Defendant David M. Booth resides in Soldotna, Alaska, and operates an online storefront company, Fishgod, through CafePress. Fishgod sold items containing seven unauthorized copies of Plaintiff's copyrighted illustrations. Through the product customization and design process, CafePress and Fishgod digitally modified Plaintiff's copyrighted illustrations before printing the images on blank novelty items to sell. CafePress then pays a small royalty "to the persons selling items through CafePress."[13] CafePress includes its own trademark for display on the products.

Booth was a professional sport fishing guide in Oregon and Alaska for more than thirty-five years. For twenty years he guided fishing trips by boat on the Kenai River in Alaska, the

---

[12] Docs. 80, 83.

[13] Doc. 1 ¶ 21.

world's premier salmon river.  He has drawn and created cartoons and graphic art and design most of his life, and when he retired from guiding in 2000, he decided to devote his life to cartooning and graphic art, geared toward humor, satire, and parody.  Sometimes, he uses photos or images as models for his designs; however, he does not use images that include a copyright symbol or other statement that an image is the property of another person.

Booth had no knowledge of Plaintiff or his website until he learned about this lawsuit in October 2014.  On October 27, 2014, Booth e-mailed Plaintiff the following:

> I recently received a notice of product infringement on some designs in my Zazzle shop, which I have had for over 10 years or more. . . .  I usually draw all my own art including fish.  However, many years ago I did find some fish images that seemed to be available for me to use (public domain?) specifically a beautiful rendering of an adult King salmon.  I modified the image in different ways with graphic programs and turned them into bits of interesting art, cartoons, and a few greeting cards.  At no time did I simply "steal" the image and market it on it's [sic] own. . . .  I am at this point wondering if you would be willing to reconsider so that I could continue to market my works.  Possibly we could arrive at an agreement that gives you a percentage of the royalties, although I must tell you my sales are pretty minimal.  I would like to repeat that at no time was I attempting to profit from your artwork.  I simply used yor [sic] work as a model for my own drawings, although, admittedly, I followed very closely to your original images.  I apologize for any harm this might have caused.  I was a fishing guide on the Kenai River, home of the world's largest King Salmon for over 20 years.  It was simply that your painting was as close as I've ever seen, so well, I copied it.  You've obviously put a lot of time and effort into your art.  I meant in no way to "steal" anything from you.  Sincerely, David M. Booth.[14]

Booth's images based on Plaintiff's illustrations have sold no products in the State of Kansas.

---

[14]Doc. 63-4, Ex. C.

**III.    Discussion**

"In a federal question case where a defendant resides outside the forum state, a federal court applies the forum state's personal jurisdiction rules."[15] To establish personal jurisdiction over a defendant, plaintiff must show that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process.[16] The Kansas long-arm statute is construed liberally so as to allow jurisdiction to the full extent permitted by due process, therefore the Court proceeds directly to the constitutional analysis.[17]

The due process analysis is comprised of two steps.  First, the court must consider whether the defendant has such minimum contacts with the forum state "that he should reasonably anticipate being haled into court there."[18] If the requisite minimum contacts are found, the Court will proceed to the second step in the due process analysis—ensuring that the exercise of jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'"[19]

"Minimum contacts" can be established in one of two ways, either generally or specifically for lawsuits based on the forum-related activities:

> General jurisdiction is based on an out-of-state defendant's
> "continuous and systematic" contacts with the forum state, and
> does not require that the claim be related to those contacts.
> Specific jurisdiction, on the other hand, is premised on something
> of a *quid pro quo*: in exchange for "benefitting" from some

---

[15] *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997) (quoting *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990)).  The Copyright Act, 17 U.S.C. § 101 *et seq.*, does not provide for nationwide service of process, therefore the court applies the law of the state in which it sits. *Dudnikov*, 514 F.3d at 1070.

[16] *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000).

[17] *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th Cir. 1994) (citing *Volt Delta Res., Inc. v. Devine*, 740 P.2d 1089, 1092 (Kan. 1987)).

[18] *Emp'rs Mut. Cas. Co.*, 618 F.3d at 1159–60 (citing *OMI Holdings, Inc.*, 149 F.3d at 1091).

[19] *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

> purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts.[20]

Plaintiff does not allege general jurisdiction, but instead alleges that Booth had minimum contacts with Kansas based on specific jurisdiction. Specific jurisdiction exists over a nonresident defendant "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities."[21] The Tenth Circuit has adapted the specific jurisdiction inquiry in the Internet context to require "indications that a defendant deliberately directed its message at an audience in the forum state and intended harm to the plaintiff occurring primarily or particularly in the forum state."[22]

Booth is a resident of the State of Alaska. Plaintiff relies on two facts to establish Booth's minimum contacts with the State of Kansas: (1) his e-mail admission that he copied Plaintiff's illustrations; and (2) that he sold the images through a website operated and managed by CafePress, which solicits sales of thousands of products throughout the United States, effectively acting as an agent of Booth to distribute his infringing designs. The Court does not find that Booth's e-mail admission establishes minimum contacts. While this might support a violation of the copyright statute, it does not show that Booth purposefully directed his activities to the State of Kansas; it simply shows that he copied an image belonging to Plaintiff.

Plaintiff's second ground for minimum contacts relies on Booth's commercial activity on the CafePress website. To show that Booth's commercial activity on the internet establishes personal jurisdiction over Booth, he must meet the following test:

---

[20]*Dudnikov*, 514 F.3d at 1078 (citations omitted).

[21]*OMI Holdings*, 149 F.3d at 1091 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

[22]*Shrader v. Biddinger*, 633 F.3d 1235, 1241 (10th Cir. 2011).

> [A] State may, consistent with due process, exercise judicial power over a person outside of the State when that person (1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts. Under this standard, a person who simply places information on the Internet does not subject himself to jurisdiction in each State into which the electronic signal is transmitted and received. Such passive Internet activity does not generally include directing electronic activity into the State with the manifested intent of engaging business or other interactions in the State thus creating in a person within the State a potential cause of action cognizable in courts located in the State.[23]

The Tenth Circuit, in adopting this test, made clear that "[t]he maintenance of a web site does not in and of itself subject the owner or operator to personal jurisdiction, even for actions relating to the site, simply because it can be accessed by residents of the forum state."[24]

Plaintiff cannot make the *Shrader* showing of establishing specific jurisdiction. As an initial matter, the Court must disregard the legal conclusion in Plaintiff's affidavit that CaféPress acted as an "agent" of Fishgod. This is a legal conclusion, which Plaintiff is not qualified to establish through his affidavit. The Court also disregards Plaintiff's conclusory assertion that Booth must have known of Plaintiff and his illustrations by way of reputation. While the Court must construe conflicting affidavits in favor of the Plaintiff, the Court is not required to do so when Plaintiff lacks personal knowledge of the matter. Although Plaintiff genuinely believes that his reputation precedes him, he is without personal knowledge to testify that Booth did *in fact* know of him and his illustrations. The Court therefore assumes as true Booth's assertion that he was unaware of the source of the illustrations he copied, much less that Plaintiff resided in Kansas. Booth's conduct of placing seven illustrations for sale on the CafePress website

---

[23]*Id.* at 1240–41 (quoting *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002)).

[24]*Id.* at 1241.

constitutes passive Internet activity.  There is no admissible evidence that Booth knew that the illustrations he copied were owned by Plaintiff.  While this fact may not matter for purposes of establishing copyright infringement, it shows that Booth did not direct activity to the State of Kansas knowing that Plaintiff resided here and would be harmed here.  Moreover, there is no evidence that Plaintiff's professional reputation in the fishing community was linked to Kansas.  As such, the mere fact that he experienced harm in Kansas cannot establish personal jurisdiction.[25]

Moreover, there is no indication that Booth or CafePress for that matter expressly aimed their commercial activity toward the State of Kansas.  *Shrader* made clear that there must be something more than simply making a product available on the Internet.  Here, there is no evidence that Booth directed his products to the State of Kansas with the intent of engaging in business here.  Indeed, he attests that there have been no sales in the State of Kansas, a fact that Plaintiff does not dispute.  For all of these reasons, the Court finds no requisite minimum contacts between Defendant Booth and the State of Kansas.  Thus, Plaintiff has failed to make a prima facie showing of  personal jurisdiction over Defendant Booth and his motion to dismiss is granted.

Instead of dismissal, Plaintiff urges in one sentence at the end of his response brief that the Court should transfer this matter to "the State of California."  28 U.S.C. § 1631 provides that when "a court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."[26]

---

[25] *See id.* at 1245 (declining to exercise jurisdiction where there "was nothing about the nature of the work inherently linking it" to the forum state).

[26] 28 U.S.C. § 1631.

The transferor court must "first satisfy itself that the proposed transferee court has personal jurisdiction over the parties."[27]  "If so, even though "§ 1631 contain[s] the word 'shall,' . . . the phrase 'if it is in the interest of justice'. . . grant[s] the [transferor] court discretion in making a decision to transfer an action or instead to dismiss the action without prejudice."[28]  The factors the Court should consider in determining whether transfer would be in the interest of justice include "whether the claims would be time barred if filed anew in the proper forum, whether the claims were filed in good faith or if . . . it was clear at the time of filing that the court lacked the requisite jurisdiction."[29]

Setting aside the fact that Plaintiff makes no showing that California has jurisdiction over the remaining parties in this action, the Court finds no authority for the proposition that transfer is warranted in a case where there are multiple parties, only one party is dismissed, and the remaining party resides in a different state.  The Tenth Circuit characterized a similar fact pattern as a "patent impediment" to transfer, and stated that it "was aware of no authority even permitting much less requiring a district court to unilaterally split up an action and transfer the resultant components to diverse jurisdictions under the auspices of § 1631."  Here, the Complaint makes no allegations about any Defendant's ties to the State of California.  Defendants CafePress and Admin_CP have already been dismissed from this suit.  The remaining Defendant, James Ehlers, who operates another CafePress storefront, is a resident of Georgia.  Under these circumstances, the Court declines to exercise its discretion and transfer this case to California instead of dismissing for want of jurisdiction.

---

[27]*Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 105 (10th Cir. 2012) (citing *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 793 n.16 (10th Cir. 1998)).

[28]*Id*. (citing *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008)).

[29]*Id*. (citations omitted).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant David M. Booth's Motion to Dismiss (Doc. 79) is **granted**. Count II of the Complaint is hereby dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: November 24, 2015

                                           S/ Julie A. Robinson
                                          JULIE A. ROBINSON
                                          UNITED STATES DISTRICT JUDGE